# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THOMAS HODGE, | ) |
| | ) |
| Movant, | ) No. 3:10-0172 |
| | ) (Criminal Case No. 3:06-00229) |
| v. | ) JUDGE ECHOLS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Thomas Hodge, pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody (Docket Entry No. 1), in response to which the Government filed a Motion To Dismiss (Docket Entry No. 6). Although the Court entered an Order (Docket Entry No. 7) granting Hodge twenty-one (21) days to file a reply, Hodge did not make any additional filings with the Court.

On May 15, 2007, Hodge entered a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 24, 2007, the Court imposed a sentence of 79 months of imprisonment, and on December 4, 2007, the Court entered written judgment. Hodge did not file a direct appeal. On February 22, 2010, Hodge filed the instant § 2255 motion claiming that his appointed counsel rendered ineffective assistance because he failed to raise a violation of the Interstate Agreement on Detainers Act ("IAD").

The Government contends the § 2255 motion must be dismissed because it is barred by the one-year statute of limitations. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or

1

laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

The Government asserts that the one-year limitations period began to run on or about December 14, 2007, when the ten-day period for filing a notice of appeal from the written criminal judgment expired. See Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). Under Houston v. Lack, 487 U.S. 266, 270 (1988), Hodge is deemed to have filed his § 2255 motion on February 17, 2010, the day he signed it and presented it to prison authorities for mailing on February 18, 2010. (Docket Entry No. 1 at 14 & mailing envelope postmark.) More than one year passed between December 14, 2007 and February 17, 2010. Therefore, the Government argues the § 2255 motion is time-barred.

Although Hodge does not specifically cite the statute, he essentially contends 28 U.S.C. § 2255(f)(2) applies to his case because he states the following at page 13 of his motion:

> Petitioner was in state custody serving his state sentence. After serving state time Petitioner was returned to federal custody in order to start his federal time[.] [T]his was done on or around Sept. 8/09. Therefore the time limitations should be tolled due to factors beyond petitioner's control. Alternatively, the year should start when a governmental created impediment was removed. That being when petitioner was returned back to federal custody in Sept. 2009.

The Court must take the facts as presented by Hodge as true for present purposes because Hodge signed his § 2255 motion under the penalty of perjury and the Government has not presented any evidence concerning the dates Hodge was in state or federal custody. If, as Hodge contends, he was returned to state custody immediately after this Court's sentencing in 2007 and if he remained in state custody until September 2009, then during that time Hodge would not have been

2

in federal custody and within the jurisdiction of the federal court so that he could file a § 2255 motion to challenge the effectiveness of his federal trial counsel. He would have been a state inmate in state custody with access only to 28 U.S.C. § 2254, a vehicle not appropriate for challenging the effectiveness of federal counsel in a federal case. Upon returning to federal custody in September 2009, Hodge filed the instant motion within approximately five months, in February 2010.

The Court concludes Hodge has made a sufficient preliminary showing that § 2255(f)(2) may apply and that he may be entitled to equitable tolling of the statute of limitations. However, the Court does not have sufficient facts before it to make a definitive ruling, and the facts concerning the limitations issue are inherently intertwined with Hodge's substantive claim that his federal counsel was ineffective for failing to raise an IAD violation.[1]

For these reasons, the Court hereby GRANTS IN PART and DENIES IN PART the Government's pending Motion to Dismiss (Docket Entry No. 6). The Court DENIES WITHOUT PREJUDICE the Government's motion to dismiss the § 2255 motion as time-barred, but the Court GRANTS the Government's alternative request for additional time to file a complete response to the § 2255 motion. In its response, the Government should provide additional facts relevant to the limitations issue. If the Government can show that Hodge was an inmate in federal custody who could have filed his § 2255 motion within one year after December 14, 2007, the Court will reconsider its ruling on the issue. The Government should also address in its response the merits of Hodge's ineffective assistance claim.

---

[1] The Court rejects the Government's second argument that Hodge procedurally defaulted the IAD claim because he did not raise it in a direct appeal. Hodge's claim is that his trial counsel rendered ineffective assistance by failing to raise the IAD issue. Hodge is not raising a claim of a direct IAD violation that could have been argued to this Court prior to sentencing or to the Sixth Circuit on direct appeal.

The Government may file its complete response to the § 2255 motion **within twenty-one (21) days after entry of this Order.** Hodge may file any reply and any evidence in support of his position **within twenty-one (21) days after service of the Government's response.**

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE